THE STATE *ex rel.* HENDERSON *et al.*, *Petitioners*, v. LESUEUR, *Secretary of State*.

1.   Corporation: CLUB: EDUCATIONAL PURPOSES: STATUTE.   Articles of association may be granted, under Revised Statutes, 1889, sections 2821, 2825, incorporating a club, the object of which is the encouragement of debating, reading and literature, the enjoyment of rational social amusements and playing of lawful games.

2.   Constitution: INCORPORATION TAX: EDUCATIONAL PURPOSES.   Such incorporation is one for educational purposes within the meaning of section 21, article 10, of the state constitution, permitting the exemption of corporations formed for benevolent, scientific, religious or educational purposes, from payment of an incorporation tax.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Gibson, Bond & Gibson* for relators.

(1)  The purposes of the Lafayette Park Club are of an educational nature, tending to promote literature and intellectual culture, and come directly within the provisions of the statute.    R. S. 1889, secs. 2821–2, *et seq*.  The state grants the right of incorporation where the association is designed to promote literature, and this is one of the declared objects of the club. (2)  The court had the power to render a *pro forma* decree of incorporation based upon the provisions of section 2825, and hence had jurisdiction of the subject-matter.  From these premises ( jurisdiction of person and subject-matter), we believe it follows as a necessary legal deduction that the decree is invulnerable to collateral attack.  Every presumption, as shown by repeated decisions of this court, is in favor of the correctness of the decree, and even mere error in the proceedings would not render it void.  *Castleman v. Relf*, 50 Mo. 587;  *Huxley v. Harrold*, 62 Mo. 523 ;  *Gates v. Trusten*, 89 Mo. 18 ;  *Gray v. Bowles*, 74 Mo. 424 ;  *Kane v. McCowen*, 55 Mo. 181 ;  *Ellis v. Jones*, 51 Mo. 186 ; *Wilson v. Jackson*, 10 Mo. 329 ;  *Brackett v. Brackett*, 53 Mo. 265.   (3) The questions whether the purposes of the club were educational or formed especially to promote literature, intellectual culture, etc., were questions of fact to be investigated and decided by the circuit court.   The statute plainly imposes it as a duty upon the circuit court to investigate and determine upon the real purposes and design of a proposed association. and, with that end in view, clothes the circuit court with ample powers to ascertain the truth and the real facts. It imposes this duty upon the court if it entertains any doubt, and provides for the appointment of some competent attorney as a friend of the court to investigate the matter, who is empowered to take testimony for that purpose.   If section 2834 be not unconstitutional, an

association would be valid which had social amusements alone in view. But even if the court holds said section 2834 is unconstitutional, still there is nothing to show that the petitioners were incorporated under that section, and every presumption being in favor of the validity of the decree of the circuit court, this court must presume that the incorporation was under sections 2821 and 2825.

*John M. Wood*, Attorney General, for respondent.

(1) The "Lafayette Park Club," being, as appears from its articles of agreement, "a mere pleasure club," and not formed for benevolent, religious, scientific or educational purposes, the secretary of state cannot incorporate it until the tax imposed by section 21 of article 10 of the constitution is paid. (2) Sections 2821 and 2825, Revised Statutes, 1889, do not, as claimed by relators, authorize the incorporation of clubs of the character of the Lafayette Park Club. (3) Section 2834, under which relators evidently drew their articles of agreement, and which is the only section in said article 10 of the statutes authorizing the incorporation of pleasure clubs, is unconstitutional. *In re St. Louis Institute of Christian Science*, 27 Mo. App. 641.; *State v. Brawner*, 15 Mo. App. 597; *State ex rel. v. Benefit Association*, 6 Mo. App. 163; *State v. Merchants, etc.*, 72 Mo. 146; *State v. McGrath*, 95 Mo. 183. (4) The record of the proceedings in the circuit court, as recited in the petition, shows that the court did not have jurisdiction of the subject-matter, and that the *pro forma* decree is therefore void *ab initio*, and the secretary of state is not bound by its findings. If the proposed corporation is not authorized by said article, then the circuit court had no jurisdiction to render such decree, and its action is void, and respondent is not bound by it. It will doubtless be conceded that the question of the jurisdiction of the circuit court to render

the *pro forma* decree must be determined from the contract itself,—*i. e.*, the articles of agreement filed with the petition,—without the aid of extrinsic evidence. *Cheatham v. Cheatham*, 10 Mo. 296; *Cole v. Cole*, 3 Mo. App. 571; *Pate v. Pate*, 6 Mo. App. 49. Section 2834 is, as before stated, unconstitutional. The record of the circuit court affirmatively shows that the relators' incorporation is not authorized by sections 2821 and 2825, that the circuit court did not have jurisdiction of the subject-matter, and its decree is therefore void. *Brown v. Woody*, 64 Mo. 547; *Railroad v. Reynolds*, 89 Mo. 146; *Werz v. Werz*, 11 Mo. App. 26; *Deeker v. Lidwell*, 3 Mo. App. 586; *McCoy v. Zane*, 65 Mo. 11; *Howard v. Thornton*, 50 Mo. 291; *Railroad v. Campbell*, 62 Mo. 588. The secretary of state cannot, therefore, incorporate relators without the payment of the tax imposed by the constitution. (5) Notwithstanding the *pro forma* decree (conceding the jurisdiction of the court), respondent would not be authorized to incorporate relators without the payment of the tax, unless it appeared from the record presented to him that the proposed corporation came within the scope of the constitutional exemption, and that the requirements of said article 10 of the statutes had been complied with. *State, etc., v. McGrath*, 92 Mo. 357.

BLACK, J.—The relators joined in articles of agreement for the purpose of being incorporated by the name of the "Lafayette Park Club," under article 10 of chapter 42, Revised Statutes, 1889, which article consists of sections numbered from 2821 to 2835. On the petition of the relators the circuit court of the city of St. Louis made a *pro forma* decree declaring that the articles of agreement and the purposes of the association came within the purview of said article, and were not inconsistent with the constitution or laws of the United States or of this state. The decree was

made pursuant to section 2822. The articles of agreement and the decree having been duly recorded in the office of the recorder of deeds, the relators presented the same to the secretary of state, and, without the payment or offer to pay the tax mentioned in section 21 of article 10 of the constitution, requested him to file the same and make out and deliver to them a certified copy thereof, that being the final act which gives to the association a corporate existence. The secretary refused to file the articles and issue a certified copy, and hence this proceeding against him by *mandamus*.

The refusal of the secretary is put upon the ground that the proposed corporation is not one for benevolent, religious, scientific or educational purposes, and, therefore, not exempt from the payment of the tax; and on the further ground that this association could only be incorporated for the purposes designated in its charter under section 2834, and that that section is unconstitutional and void.

The object and purposes of the proposed corporation as set forth in the articles of agreement are as follows:

"The purposes and scope of said corporation shall be for the encouragement of debating, reading and literature, and the enjoyment of rational and social amusements, and the playing of ten-pins, chess and checkers and other lawful games of the kind. But it is hereby expressly declared, that there shall be no saloon in connection with said club, and no drinks shall be sold by the said club or any of its members. It is further declared that this association shall have no connection with any manufacturing, agricultural or business purposes of any kind, nor shall it have any connection with politics or a political organization. Nor shall it have in view any pecuniary profit of any kind, but it shall be limited to the general objects above set forth."

Section 21 of article 10 of the constitution provides: "No corporation, company or association, other than

those formed for *benevolent, religious, scientific or educational* purposes, shall be created or organized under the laws of this state, unless the persons named as corporators shall, at or before the filing of the articles of association or incorporation, pay into the state treasury fifty dollars for the first fifty thousand dollars or less of capital stock, and a further sum of five dollars for every additional ten thousand dollars of its capital stock," etc.

Section 2821 of the Revised Statutes of 1889 provides in general terms that associations may be incorporated for "benevolent, religious, scientific, fraternal, beneficial and educational purposes;" and section 2825 enters more into details, and after providing for the formation of corporations for benevolent and religious purposes provides: "Any school, college, institute, academy or other association formed for educational or scientific purposes, including therein any association formed especially to promote literature, history, science, information or skill among the learned professions, intellectual culture in any branch or department, * * * and in general any association, society, company or organization which tends to the public advantage, in relation to any or several of the objects above enumerated, and whatever is incident to such objects, may be created a body corporate and politic."

In the view we take of this case it is unnecessary to recite other statutory provisions. Section 21 of article 10 of the constitution is plain. By it no association can be incorporated for any purpose other than for benevolent, religious, scientific and educational purposes, without the payment of the tax. This tax, it will be seen, is fixed at fifty dollars for the first fifty thousand dollars or less of capital stock, and at five dollars additional for every additional ten thousand dollars of stock. Now it is plain that the payment of the tax

cannot be evaded by organizing a corporation under a law which makes no provision for stock. It is equally clear that the legislature has no power to authorize the evasion of the payment by allowing corporations to be organized under this benevolent law, as it is called, without a capital stock. This court held in express terms in *State ex rel. Richey v. McGrath*, 95 Mo. 193, that the payment could not be avoided by reason of a legislative declaration that the corporation was one formed for benevolent purposes, when the law under which it was brought into existence showed that it was a money-making institution. To give effect to the constitution, corporations, not falling within one of the four classes, must be organized, if at all, under some law providing for capital stock. In so far, therefore, as section 2834 undertakes to allow corporations to be created for other than benevolent, religious, scientific or educational purposes, it is void.

The important question here, however, is whether the proposed corporation can be fairly said to be one for educational purposes. And it is to be observed, in the first place, that the constitution uses the words "for benevolent, religious, scientific and educational purposes," in a broad and comprehensive sense. The corporations thus exempted from the payment of the tax are, to a certain extent, mentioned in contradistinction to such as are organized for pecuniary profit. As applied to minors it has been said, "education" comprehends not merely the instruction received at school or college, but the whole course of training, moral, intellectual and physical. *Ruohs v. Backer*, 6 Heisk. 395. The following definition appears to have been prepared with care : "Education is the bringing up, physically or mentally, of a child, or the preparation of a person, by some due course of training, for a professional or business life, or other calling." 6 Am. & Eng. Ency. of L. 158.

. The object and purposes of the proposed corporation are : (1) The encouragement of debating, reading and literature ; (2) the enjoyment of rational social amusements ; (3) the playing of ten-pins, chess, checkers and other lawful games of the kind. The first of these declared purposes is clearly educational ; and the others seem to be added as matters of amusement, and incidental to the first. That they are incidental is shown by the subsequent statements wherein it is expressly declared, that there shall be no saloon in connection with the club, that drinks shall not be sold by it, or any of its members, and that the association shall not have in view any pecuniary profit. Had the articles of association specified only the first of the designated objects, still the members of the association, under appropriate by-laws, might indulge in any of these amusements without violating the charter. Some degree of liberality must be allowed in the formation of those associations where all pecuniary profit is excluded. These articles of association can stand on sections 2821 and 2825 and it is our opinion that the proposed association may be incorporated without the payment of the tax. A peremptory writ is therefore awarded.

All concur, except RAY, C. J., and BRACE, J., who dissent.